IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| OMAR MENDOZA,<br>Institutional ID No. 29993-177<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 2:19-CV-146-Z-BQ |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case is referred to the undersigned magistrate judge for pretrial purposes. Pro se Plaintiff Omar Mendoza has filed an Application to Proceed *In Forma Pauperis* (IFP) along with a copy of his inmate account statement. ECF No. 16. Having reviewed Mendoza's motion and account statement, the undersigned recommends that the motion be **DENIED**.

### I. Discussion

Section 1915(a) of the United States Code sets out the procedure for a party to bring a lawsuit IFP, providing as follows:

> Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). In making an IFP determination, the Court should consider whether payment of the filing fee will result in the applicant "suffering undue financial hardship." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). The Court may consider the total financial resources available to the applicant in making the IFP determination. *See id.* (explaining that in order to

1

determine whether payment of the filing fee will result in an undue financial hardship, "a court must examine the financial condition of the *in forma pauperis* applicant"); *see also Coker v. Mansfield Indep. Sch. Dist.*, Civ. No. 4:16-CV-068-O(BJ), 2016 WL 929262, at *1 & n.2 (N.D. Tex. Jan. 28, 2016) (considering all plaintiff's financial resources in denying her application to proceed IFP, including spouse's income). The decision to permit or deny an application to proceed IFP is within the sound discretion of the court. *Prows*, 842 F.2d at 140.

Here, Mendoza's IFP application states, and his account statement similarly reflects, that he has a balance of $1,955.56 in his inmate trust account and there are no holds on the account. *See* ECF No. 16, at 1, 4. In light of the information Mendoza included in his application, the undersigned finds Mendoza has sufficient assets to pay the filing fee. *See Prows*, 842 F.2d at 140 (holding that Section 1915(a) provides access to federal courts for plaintiffs "who lack the financial resources" to pay filing costs).

## II. Recommendation

For the foregoing reasons, the undersigned recommends that the United States District Judge deny Mendoza's request to proceed IFP in the instant action. Mendoza should be ordered to pay the $400.00 filing fee within fourteen days from the date of the order denying his IFP request. If he fails to do so, the undersigned recommends that the District Judge deny as moot the pending motion for summary judgment (ECF No. 9) and dismiss this action without prejudice and without further notice.

## III. Right To Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served

with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**

Dated: October 31, 2019

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE